IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAMBA SARR,

    Petitioner,

v.

BRIAN COOK, Warden,
Southeastern Correctional
Institution,

    Respondent.

Case No. 3:20-cv-429

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #2);
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #5);
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH
PREJUDICE (DOC. #1); DENYING CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO
ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER;
TERMINATION ENTRY

---

On October 26, 2020, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #2, recommending that the Court dismiss the Petition for Writ of Habeas Corpus, Doc. #1, with prejudice, and deny a certificate of appealability and leave to appeal *in forma pauperis*. This matter is currently before the Court on Petitioner's Objections to the Report and Recommendations, Doc. #5.

The Court must make a *de novo* review of those portions of the Report and Recommendations to which proper Objections have been filed. Fed. R. Civ. P.

72(b)(3); 28 U.S.C. § 636(b)(1). Here, Petitioner objects only to the recommendations to dismiss the First and Second Grounds for Relief, not the Third or Fourth.

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in the Report and Recommendations, Doc. #2, as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing in its entirety, and OVERRULES Petitioner's Objections.

Petitioner argues that the First and Second Grounds for Relief are not frivolous, that there is a real possibility of constitutional error, and that Respondent should therefore be ordered to file a Return of Writ before the Court rules on the merits of those claims. The Court disagrees.

Magistrate Judge Merz properly concluded that the First Ground for Relief, alleging ineffective assistance of counsel for failing to object during the prosecutor's closing argument, is subject to dismissal at this juncture. The Second District Court of Appeals' rejection of this assignment of error was not an objectively unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). The state court reasonably concluded that, because the isolated comment at issue did not constitute prosecutorial misconduct, trial counsel's failure to object to it did not constitute deficient performance under *Strickland*. Nor did the comment deprive Petitioner of a fair trial, particularly in light of the jury instructions given. *State v. Sarr*, 2020-Ohio-3398, at ¶¶ 24-25. Magistrate Judge Merz was justified in concluding that the prosecutor's comment did not "so infect[] the trial

with unfairness as to make the conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

As to the Second Ground for Relief, alleging insufficiency of the evidence, Petitioner argues that because the state court did not cite all of the relevant evidence presented at trial, the complete record must be filed before this Court can determine whether the evidence presented was sufficient to support his convictions. As Magistrate Judge Merz explained, however, a claim of insufficient evidence is entitled to double deference, first to the jury's verdict, *Jackson v. Virginia*, 443 U.S. 307 (1979), and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

The relevant question is whether, "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Here, the state appellate court rejected Petitioner's sufficiency-of-the-evidence challenge. In doing so, it discussed the relevant evidence that supported each charge of conviction, and concluded that the State presented sufficient evidence from which a reasonable jury could have found each required element of each charged crime beyond a reasonable doubt. *Sarr*, 2020-Ohio-3398, at ¶¶27-42. The fact that there may also be evidence in the record that would support a not-guilty verdict is largely irrelevant to this determination. It is not the Court's job to reweigh the evidence.

Accordingly, the Court rejects Petitioner's argument that the complete record must be filed before the Court can reach the merits of his Second Ground for Relief. Magistrate Judge Merz properly recommended dismissal of this claim.

For the reasons set forth by Magistrate Judge Merz and discussed herein, the Court DISMISSES the Petition for Writ of Habeas Corpus, Doc. #1, WITH PREJUDICE.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: November 19, 2020

WALTER H. RICE
UNITED STATES DISTRICT JUDGE