IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SAMBA SARR,

        Petitioner,  :  Case No. 3:20-cv-429

  - vs -                           District Judge Walter H. Rice
                                           Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
  Southeastern Correctional Institution,

                                   :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO VACATE JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Samba Sarr, is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 8).

Sarr sought to obtain relief from his conviction in the Common Pleas Court of Montgomery County, Ohio, on two counts of kidnapping, one count of gross sexual imposition, and one count of assault (Petition, ECF No. 1, PageID 1).

The Petition pleads four grounds for relief. In a Report and Recommendations filed October 26, 2020, the Magistrate Judge recommended dismissal upon initial review under Rule 4 of the Rules Governing § 2254 Proceedings (ECF No. 2). Sarr objected, but District Judge Rice overruled the Objections and dismissed the case November 23, 2020 (ECF No. 6). Judgment was entered the same day (ECF No. 7).

1

The instant Motion for Relief, brought pursuant to Fed.R.Civ.P. 60(b)(3), was filed March 11, 2021, and docketed March 17, 2021.  Petitioner claims that the Clerk sent him the Judgment, which he received December 1, 2020, but not the underlying Decision (ECF No. 8, PageID 54). Sarr claims he asked the Clerk in writing for the Decision, but the Clerk only sent another copy of the Judgment.  *Id.* He does not proffer a copy of the writing in which he made the request.  The docket does not reflect any such request, but Sarr has attached a copy of an enveloped bearing the return address of the Dayton Clerk's Office and a January 5, 2021, postmark.  The docket reflects a clerk's notation that both the Decision and the Judgment were sent the day of their entry, November 23, 2020.  Neither has been returned by the Postal Service.

Sarr moves for relief under Fed.R.Civ.P. 60(b)(3) which provides relief may be granted when a judgment has been procured by fraud.  Sarr has offered no evidence of fraud in the procurement of the judgment.  No one outside the Court had any input into either the Report and Recommendations or Judge Rice's decision.

Sarr's alleged reason for wanting to vacate the judgment is so that his time for appeal will begin to run anew.  But Sarr had ample notice of the dismissal within the time allowed for filing a notice of appeal in the first place; he received the judgment on December 1, 2020, and had until December 23, 2020, to file a simple notice of appeal.

Nor does Sarr present any reason why he should be encouraged to appeal or assert any non-frivolous issue he would raise on appeal.  The Court has already denied a certificate of appealability and certified to the court of appeals that any appeal would be objectively frivolous.

The Magistrate Judge accordingly recommends that the Motion for Relief from Judgment be denied.

March 18, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.