## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

SAMBA SARR,

                  Petitioner,          :     Case No. 3:20-cv-429

     - vs -                           District Judge Walter H. Rice
                                         Magistrate Judge Michael R. Merz

BRIAN COOK, Warden,
  Southeastern Correctional Institution,

                                  :
              Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO REOPEN TIME TO APPEAL

This habeas corpus case, brought *pro se* by Petitioner Samba Sarr, is before the Court on Petitioner's Motion to Reopen the Time to Appeal (ECF No. 11). As a post-judgment matter, this Motion requires a report and recommendations from the assigned Magistrate Judge under 28 U.S.C. § 636(b)(3).

Sarr sought to obtain habeas corpus relief from his conviction in the Common Pleas Court of Montgomery County, Ohio, on two counts of kidnapping, one count of gross sexual imposition, and one count of assault (Petition, ECF No. 1, PageID 1). Upon initial review under Rule 4 of the Rules Governing § 2254 Cases, the Magistrate Judge recommended the Petition be dismissed on the merits because all of his claims for relief had been decided by the Ohio Second District Court of Appeals in ways that did not unreasonably apply clearly established Supreme Court precedent (Report, ECF No. 2).

1

Sarr objected (ECF No. 5), but District Judge Rice overruled the Objections and ordered that the Petition be dismissed (ECF No. 6).  The Clerk entered Judgment complying with Judge Rice's Order on the same day the Order was entered, November 23, 2020 (ECF No. 7).  Sarr did not appeal, but four months later filed a Motion for Relief from Judgment (Doc. No. 8).  The Magistrate Judge recommended denying that Motion (ECF No. 9).  Sarr filed no objections to that Report and Judge Rice adopted it April 12, 2021 (ECF No. 10).

Sarr now seeks to have the Court reopen his time to appeal.  His Motion, as he acknowledges, is governed by Fed. R. App. P. 4(A)(6) which provides:

> (6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The Magistrate Judge finds the Warden would not be prejudiced if the Court reopened the time for appeal.  Likewise the instant Motion was filed well within 180 days after judgment. However, in his Motion for Relief from Judgment Sarr acknowledged receipt on December 1, 2020, of what he refers to as a Notice of Judgment, but which in fact is the judgment itself, ECF No. 7.  He has complained of not receiving the underlying Order, but that is not the Judgment. The document he acknowledges receiving is this Court's final appealable order. Thus Sarr does not

qualify for reopening under Fed. R. App. P. 4(a)(6) and his Motion seeking that relief should be denied.

April 20, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #