IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAMBA SARR,

    Petitioner,

v.

BRIAN COOK, Warden,
Southeastern Correctional
Institution,

    Respondent.

:
:
:
:

Case No. 3:20-cv-429

JUDGE WALTER H. RICE

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS ON MOTION TO REOPEN TIME TO APPEAL
(DOC. #12); SUSTAINING IN PART AND OVERRULING IN PART
PETITIONER'S OBJECTIONS THERETO (DOC. #15); SUSTAINING
PETITIONER'S MOTION TO REOPEN TIME TO FILE AN APPEAL
(DOC. #11); NOTICE OF APPEAL TO BE FILED WITHIN 14 DAYS
AFTER THE DATE OF THIS DECISION AND ENTRY

---

On November 23, 2020, the Court issued a Decision and Entry, Doc. #6, dismissing Samba Sarr's Petition for Writ of Habeas Corpus. A separate Judgment was entered the same day. Doc. #7. The Court's docket indicates that both documents were mailed to Sarr, and that neither document was returned to the Court as undeliverable.

Nearly four months later, on March 17, 2021, Sarr filed a Motion for Relief from Judgment, Doc. #8. Therein, he acknowledged that he had received a copy of the *Judgment* on December 1, 2020, but claimed that he had not received a

copy of the *Decision and Entry*. According to Sarr, he wrote to the Clerk of Court asking for "a copy of the full text of the Court[']s November 23, 2020 Judgment." *Id.* at PageID#55. He maintains that, on January 5, 2021, the Clerk of Court sent him a second copy of the Judgment, but still no Decision and Entry. He has attached a copy of an envelope postmarked on January 5, 2021, which appears to have been sent by the Clerk of Court.[1]

On March 18, 2021, United States Magistrate Judge Michael R. Merz recommended that the Court overrule the Motion for Relief from Judgment. Doc. #9. He noted that Sarr admittedly received a copy of the Judgment on December 1, 2020. Accordingly, even if Sarr did not have a copy of the Decision and Entry, he knew that the Court had dismissed his Petition, and he could have filed a timely notice of appeal. The Magistrate Judge further noted that the Court had already determined that any appeal would be objectively frivolous. Sarr filed no Objections to that Report and Recommendations and, on April 12, 2021, the Court overruled Sarr's Motion for Relief from Judgment. Doc. #10.

Sarr then filed a Motion to Reopen Time to File an Appeal, Doc. #11, arguing that he could not appeal earlier because he had not received a copy of the November 23, 2020, Decision and Entry. He acknowledges that this motion is governed by Fed. R. App. P. 4(a)(6), which provides:

---

[1] The Court's docket does not reflect any of this alleged correspondence.

2

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, Doc. #12, recommending that the Court overrule the Motion to Reopen Time to File an Appeal. Therein, he found that Sarr could satisfy the second and third requirements of Fed. R. App. P. 4(a)(6). However, given Sarr's acknowledgement that he received a copy of the November 23, 2020, Judgment on December 1, 2020, he could not satisfy the first requirement of the Rule.

This matter is currently before the Court on Sarr's Objections to that Report and Recommendations. Doc. #15. He argues that the "Notice of Judgment" that he received is not "a final appealable order," and that the failure to provide him with a copy of the Decision and Entry on which that Judgment is based denied him the opportunity to pursue a timely appeal. *Id.* at PageID##79-80. The Court must make a *de novo* review of those portions of the Report and Recommendations to which proper Objections have been filed. Fed. R. Civ. P. 72(b)(3); 28 U.S.C.

3

§ 636(b)(1). For the reasons set forth below, the Court ADOPTS IN PART and REJECTS IN PART the Report and Recommendations, Doc. #12, and SUSTAINS IN PART and OVERRULES IN PART Sarr's Objections thereto, Doc. #15.

As an initial matter, the Court rejects Sarr's argument that the alleged failure of the Clerk of Court to send him a copy of the Decision and Entry prevented him from pursuing a timely appeal. Under Fed. R. App. P. 4(a)(1)(A), a party may file a Notice of Appeal within 30 days of the date the judgment or order is *entered* on the Court's docket. There is no question that both the Judgment and the Decision and Entry were entered on the Court's docket on November 23, 2020. Accordingly, as Magistrate Judge Merz properly found, nothing prevented Sarr from filing a timely Notice of Appeal of the Judgment dismissing his Petition for Writ of Habeas Corpus.

Nevertheless, the Court understands Sarr's frustration. It could be argued that, without a copy of the Decision and Entry on which the Judgment was based, Sarr could not have determined whether an appeal was warranted.[2] In the Court's view, Fed. R. App. P. 4(a)(6)(A) is somewhat ambiguous, because it is written in the disjunctive. It states that the court must find that the moving party did not "receive notice . . . of the entry of the judgment *or* order sought to be appealed."

---

[2] The Court notes, however, that Sarr does not deny that he received a copy of the Report and Recommendations adopted by the Court. Accordingly, at the very least, Sarr was on notice of the *recommended* reasons for the dismissal.

Fed. R. App. P. 4(a)(6)(A) (emphasis added). It is somewhat unclear whether failure to receive one, but not the other, is sufficient to satisfy this requirement.

Assuming *arguendo* that Sarr has shown that he did not receive a copy of the November 23, 2020, Decision and Entry within 21 days after it was entered on the Court's docket, and that he has, therefore, satisfied all of the requirements of Fed. R. App. P. 4(a)(6), this does not necessarily mean that he is entitled to the relief he seeks. Fed. R. App. P. 4(a)(6) states that "[t]he district court *may* reopen the time to file an appeal" if all of the requirements are met. As the Sixth Circuit held in *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 369 (6th Cir. 2007), "the district court retains discretion to deny a Rule 4(a)(6) motion even where a movant has complied with all three express conditions."

In this case, it appears that Sarr did make a timely effort to obtain a copy of the November 23, 2020, Decision and Entry from the Clerk of Court. Unfortunately, he asked for the wrong document. *See* Doc. #8, PageID#55 (indicating that he asked the clerk's office "to send him a copy of the full text of the Court[']s November 23, 2020 Judgment."). As requested, the Clerk of Court sent him another copy of the Judgment; however, he did not send a copy of the Decision and Entry. Sarr apparently took no further steps to obtain a copy of the Decision and Entry. Instead, on March 17, 2021, he filed a Motion for Relief from Judgment. When Magistrate Judge Merz recommended that the Court overrule that motion, Sarr filed no Objections. This lack of due diligence may counsel against sustaining Sarr's Motion to Reopen Time to Appeal.

Nevertheless, Sarr has arguably met all of the requirements of Fed. R. App. P. 4(a)(6), and he did make some effort to obtain a copy of the November 23, 2020, Decision and Entry, despite the fact that he mistakenly asked for a copy of the "Judgment." Accordingly, the Court, in its discretion, will SUSTAIN his Motion to Reopen Time to Appeal, Doc. #11, and permit Sarr to file a Notice of Appeal within 14 days from the date this Decision and Entry.

Given that this Court has already denied a certificate of appealability and leave to proceed *in forma pauperis*, Doc. #6, PageID##50-52, Sarr will be required to seek a certificate of appealability from the Sixth Circuit Court of Appeals.

Date: May 24, 2021

WALTER H. RICE
UNITED STATES DISTRICT JUDGE